■ DELIA EGETH, Appellant, v COUNTY OF WESTCHESTER, Respondent. [614 NYS2d 763] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 16, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured while walking over a low mound of earth that separated the seventh green from the golf cart path on the defendant's Sprain Lake public golf course. We agree with the Supreme Court's conclusion that the plaintiff, by voluntarily traversing this topographical feature of the golf course, assumed the risk of injury therefrom and is precluded from recovery *(see, Morales v New York City Hous. Auth.,* 187 AD2d 295; *Pascucci v Town of Oyster Bay,* 186 AD2d 725; *Melko v Town of Islip,* 172 AD2d 729). The plaintiff testified that she was aware of the mound of earth having traversed it on a prior occasion, and the photographic evidence reveals it to be a gently sloping feature of the golf course separating the golf cart path from the playing area. We thus agree with the Supreme Court that the risk of injury, if any, was apparent, foreseeable, and voluntarily assumed by the plaintiff *(see, Murphy v Steeplechase Amusement Co.,* 250 NY 479, 482-483). Moreover, we find that the terrain around the green was inherent to the nature of the golf course and that, under the circumstances, the plaintiff was not unnecessarily or unreasonably exposed to danger *(see, Csukardi v Bishop McDonnell Camp,* 148 AD2d 657; *Roberts v Ausable Chasm Co.,* 47 AD2d 979).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.