■ MARY CARRACINO, Respondent, v TOWN OF OYSTER BAY et al., Appellants, et al., Defendant. [669 NYS2d 328] —In an action to recover damages for personal injuries, the defendants Town of Oyster Bay and Landscapes Unlimited, Inc., separately appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated April 25, 1997, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendant is severed.

The plaintiff, Mary Carracino, was injured while playing in a tournament at the Town of Oyster Bay golf course. According to the plaintiff, she was walking on the "walkoff area" adjacent to the eighth green when the ground "gave way" and her left foot "went down * * * [u]p to the ankle". She admitted that she did not know what caused her to fall and that she observed no holes or dirt shifting beneath her as she was falling. Further, the plaintiff acknowledged that the ground was "muddy and wet" at the site of the accident and that as a result of the fall, she had mud "all over" the left side of her body.

There is no evidence in the record to support the plaintiff's claim that the conditions which caused her injury constituted a latent defect. The record rather demonstrates that the injury-producing condition, mud, was not concealed and that the plaintiff was fully aware of its existence prior to her voluntary participation in the game (*see, Reilly v Long Is. Jr. Soccer League,* 216 AD2d 281; *see also, Morgan v State of New York,* 90 NY2d 471, 483). The plaintiff, who had played on the course some 50 times previously and who had completed eight holes of the game on the day of the occurrence, testified that it had rained all day long on the previous day and that certain areas of the golf course were wet during her participation in the tournament. Since the plaintiff voluntarily assumed the risk

that her feet might sink in mud on the golf course while participating in the game, the doctrine of assumption of risk warrants the granting of summary judgment to the appellants (*see, Morgan v State of New York, supra,* at 486; *Greenberg v North Shore Cent. School Dist.,* 209 AD2d 669). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.