■ JOANNE BOCKELMANN et al., Respondents, v NEW PALTZ GOLF COURSE, Appellant. [726 NYS2d 782] —Mercure, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered October 13, 2000 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for an ankle injury sustained by plaintiff Joanne Bockelmann (hereinafter plaintiff) on July 15, 1998 when she slipped and fell while crossing a wooden bridge (hereinafter the bridge) at defendant's golf course. Plaintiff was wearing golf shoes with soft spikes, as opposed to the traditional hard metal spikes, due to a policy change implemented by defendant and numerous other golf courses to better protect the various surfaces at the courses. The complaint alleges that defendant was negligent in failing to warn plaintiff of the increased likelihood of slipping on hard surfaces while wearing soft spike golf shoes and that defendant failed to properly place a nonskid surface on the bridge. The answer asserts the assumption of risk doctrine as an affirmative defense.

Following discovery, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff's deposition testimony, and particularly her admission that she had on several prior occasions worn soft spike golf shoes while crossing the bridge, established her assumption of risk as a matter of law. Concluding that the risk of slipping on a wooden bridge is not one generally inherent to the game of golf, Supreme Court denied the motion. Defendant appeals.

As a threshold matter, we conclude that, absent any evidence of prejudice to defendant or that plaintiffs acted contumaciously or in bad faith (see, Beck v Morse, 271 AD2d 916, 917; Qian v Dugan, 256 AD2d 782, 783), Supreme Court did not abuse its broad discretion in accepting an affidavit of plaintiffs' expert despite plaintiffs' failure to timely respond to defendant's demand for the disclosure of expert witnesses. We also reject the contention that the affidavit, submitted by a certified expert in sports facilities safety and based upon his review of photographs of the bridge, deposition transcripts, defendant's brochures and regulations established by the U.S.

Golf Association, was speculative and lacked a sufficient factual foundation (*cf.*, *Pigliavento v Tyler Equip. Corp.*, 248 AD2d 840, 842, *lv dismissed and denied* 92 NY2d 868).

Now addressing the merits, we agree with defendant that the evidence adduced on the motion established plaintiff's assumption of risk as a matter of law. Generally, a participant in a sporting event or recreational activity "may be held to have consented, by [his or her] participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439). Notably, the record shows that plaintiff had on many occasions crossed the bridge while wearing soft spike shoes, thereby providing her with a sufficient opportunity to appreciate the risks involved. Further, given the dry weather conditions on the date of plaintiff's injury, it cannot be said that plaintiff succumbed to any new or additional hazard that could not have been anticipated. Finally, we reject the contention that the bridge, which provided golfers with a means of traversing a drainage ditch by cart or foot, should not be considered an integral part of the golf course (*see*, *Carracino v Town of Oyster Bay*, 247 AD2d 501, *lv denied* 92 NY2d 809; *Egeth v County of Westchester*, 206 AD2d 502; *cf.*, *Morgan v State of New York*, 90 NY2d 471, 488 [a torn net separating indoor tennis courts is not automatically an inherent risk of tennis]). That being the case, we conclude that a golfer should be deemed to have assumed the risk of walking across a bridge traversing a hazard where, as here, the conditions were as safe as they appeared to be. The critical inquiry is whether the risk causing plaintiff's injury was a commonly appreciated one, inherent in and arising out of the nature of the sport generally and flowing from participation in it (*see*, *Morgan v State of New York, supra*, at 484; *Turcotte v Fell, supra*, at 439) and, in making such inquiry, we perceive no valid distinction to be drawn between injuries occasioned by wooden, as opposed to earthen, constructions. Under the circumstances, we conclude that Supreme Court erred in denying the summary judgment motion.

Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.