■ MARGUERITE R. BRUST, Respondent-Appellant, v TOWN OF CAROGA, Appellant-Respondent, and STEPHEN JENNINGS, Respondent. [731 NYS2d 542] —Peters, J. Appeal from an order of the Supreme Court (Sise, J.), entered August 2, 2000 in Ful-

ton County, which, *inter alia*, denied defendant Town of Caroga's cross motion for summary judgment dismissing the complaint against it.

In 1996, plaintiff, an experienced golfer, played golf at the Nick Stoner Municipal Golf Course owned by defendant Town of Caroga in Fulton County. As plaintiff had done on numerous other courses, she rented a golf cart, this time from defendant Stephen Jennings, who was employed by the Town as, *inter alia*, its golf professional at the course.

After teeing off at the second hole, plaintiff drove her cart on the path and stopped perpendicular to the crest of a small hill in front of the green despite a sign labeled "carts" with an arrow pointing parallel to the crest. After she removed a club and began to walk towards her ball, the cart rolled down the slope of the fairway, ultimately striking her and causing her injury. Plaintiff testified that while her habit was to set the brake when stopping her cart, she could not recall if she did so on this occasion; she made this disclosure not only to the investigating police officer but also to the numerous other witnesses who assisted her at the scene. Jennings testified that minutes after the accident, he tested the braking mechanism of the golf cart and found it to be in proper working condition. This fact was confirmed by the testing of the cart at the accident scene by both a volunteer firefighter and a golfer in the group immediately behind plaintiff.

Plaintiff commenced this negligence action against both the Town and Jennings. Jennings moved for summary judgment prompting the Town's cross motion for the same relief. Supreme Court, while granting Jennings' motion, found that factual issues precluded the granting of such relief to the Town. Both the Town and plaintiff appeal.

Jennings, as the movant on the motion for summary judgment, bore the initial burden of tendering evidentiary proof in admissible form sufficient to demonstrate that judgment should be granted to him as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Jennings met this prima facie burden by his tender of testimony from witnesses who detailed that, upon their testing of the brakes on the cart immediately after the injury, they were shown to be in good working order. This tender was coupled with his own testimony concerning the implementation of his daily practice of checking the brakes both prior to and subsequent to all rentals (*see, McDonald v Grasso*, 220 AD2d 867, 868).

The burden then shifted to plaintiff to "produce evidentiary proof in admissible form sufficient to require a trial of material

questions of fact" (*Zuckerman v City of New York, supra*, at 562). Plaintiff's submission of an expert's report which concluded that the braking system was unsafe and inadequate, grounded solely upon his review of Jennings' maintenance logs, was insufficient (*see, Romano v Stanley*, 90 NY2d 444, 451-452). Plaintiff's own testimony did little to advance a triable issue of fact since she failed to establish that she had engaged the braking system on the cart immediately prior to her injury. For these reasons, Supreme Court properly dismissed the action against Jennings.

Turning to the Town's cross motion for summary judgment, it is well established that a participant in a sport is "held to have consented, by [his or her] participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439), and golfers are deemed to assume the risks of open topographical features of a golf course (*see, Bockelmann v New Paltz Golf Course*, 284 AD2d 783, *lv denied* 97 NY2d 602; *Carracino v Town of Oyster Bay*, 247 AD2d 501, *lv denied* 92 NY2d 809; *Egeth v County of Westchester*, 206 AD2d 502). Evidence established that the slope of the terrain from the tee to the hole was open and obvious and plaintiff conceded that she was aware of it. Therefore, "[t]he critical inquiry is whether the risk causing plaintiff's injury was a commonly appreciated one, inherent in and arising out of the nature of the sport generally and flowing from participation in it" (*Bockelmann v New Paltz Golf Course, supra*, at 784). We find that golfers such as plaintiff must be held to a common appreciation of the fact that there is a risk of injury from improperly used carts on a fairway which is "inherent in and aris[es] out of the nature of the sport generally and flow[s] from participation in it" (*Bockelmann v New Paltz Golf Course, supra*, at 784; *see, Morgan v State of New York*, 90 NY2d 471; *McDonald v Grasso*, 220 AD2d 867, *supra*). Upon the evidence presented, we agree that plaintiff failed to establish that the Town "breached the duty of care owed to its patrons by a reasonably prudent golf course owner or operator" (*Lundin v Town of Islip*, 207 AD2d 778, 779; *see, O'Leary v Saugerties Cent. School Dist.*, 277 AD2d 662, 663). Accordingly, we modify the order of Supreme Court by granting the Town's cross motion for summary judgment.

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Town of Caroga's cross motion for summary judgment; said motion

granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.