■ THOMAS GALSKI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 97611.) [733 NYS2d 695] —In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered September 25, 2000, which granted the defendant's motion to dismiss the claim pursuant to CPLR 3211 for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The claimant was injured when his golf cleat got caught on a knot or protrusion in a natural timber step between the fourth tee box and a golf cart path on a golf course owned by the

defendant. The claimant was aware of the steps before the date of the accident and admitted that the protrusions were "fairly obvious," although he denied seeing the protrusions prior to the accident.

By engaging in a sport or recreational activity, the participant consents to those commonly-appreciated risks that are inherent in and arise out of the nature of the sport generally, and which flow from such participation (*see, Morgan v State of New York,* 90 NY2d 471). Among the risks inherent in participating in a sport are the risks involved in the construction of the field, and any open and obvious conditions of the place where the sport is played (*see, Maddox v City of New York,* 66 NY2d 270).

The step on which the claimant tripped and fell was directly used in playing the game and, thus, constituted part of the playing field. Since the protrusions or knots on the step were admittedly "fairly obvious," they did not constitute a concealed or unreasonably-increased risk. Therefore, the claimant assumed that risk. Accordingly, the Supreme Court properly granted summary judgment to the defendant (*see, Smith v Village of Hempstead,* 264 AD2d 413; *Egeth v County of Westchester,* 206 AD2d 502).

The claimant's remaining contentions are without merit. O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.