Crew III, J.E
Appeal from a judgment of the Court of Claims (Collins, J.), entered February 25, 2002, upon a decision of the court following a bifurcated trial in favor of defendant.
In May 1998, claimant, an inmate at Eastern Correctional Facility in Ulster County, was injured while playing a game of paddleball on one of the facility’s handball courts. As a consequence, claimant commenced this action against defendant to recover damages for his injuries. Following a bifurcated trial, the Court of Claims granted defendant’s motion to dismiss the claim and this appeal ensued.
The evidence at trial reflects that the exercise yard at Eastern Correctional Facility includes six paved courts used for paddle-ball and handball. In January 1998, the area between courts three and four was excavated to repair a broken pipeline. Following repair, the excavation was filled with soil, but not repaved because of weather conditions.
On the day he was injured, claimant, an avid and experienced paddleball player, was engaged in a game of paddleball on court two when a missed shot angled off the wall in the direction of courts three and four. Claimant ran to retrieve the ball and, as he did so, he stumbled on the unpaved area between courts three and four where the excavation had taken place. The record makes plain that the unpaved area was open and obvious and that claimant was well aware of its existence. In fact, claimant testified that it was his practice to avoid courts three and four whenever possible because of that condition.
It is now abundantly clear that while an owner of a sporting venue has a duty to exercise reasonable care to make conditions as safe as they appear to be, if a risk of a sporting activity is fully comprehended and/or perfectly obvious, a sporting participant will be deemed to have consented to such conditions and the owner will be deemed to have performed his or her duty (see Morgan v State of New York, 90 NY2d 471, 484 [1997]). Here, claimant, an experienced paddleball player, conceded that he was fully aware of the complained of hazard prior to beginning play and that, when possible, he would avoid playing on courts three and four because of it. It is equally clear that when playing paddleball one can anticipate the necessity to retrieve errant balls, and such activity would be considered part and parcel *748 of the sport. Inasmuch as claimant acknowledged his appreciation of the defect complained of and his awareness of a risk of injury by reason of it, he must be deemed to have voluntarily assumed the risk that he might encounter that defect while pursuing an errant ball (see Bockelmann v New Paltz Golf Course, 284 AD2d 783, 784 [2001], lv denied 97 NY2d 602 [2001]). Accordingly, the Court of Claims properly dismissed the claim.
Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.