■ P. GERALD BARBATO et al., Respondents, v HOLLOW HILLS COUNTRY CLUB, Appellant. [789 NYS2d 199]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 17, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff P. Gerard Barbato, an experienced golfer who had played on the defendant's golf course on numerous prior occasions, was injured when he slipped and fell on wet grass while descending a green. When teeing off at that hole he admittedly observed that a manually-operated sprinkler adjacent to the green was watering the entire area. As his foursome approached the green, the sprinkler was turned off. He then ascended a slight slope in front of the green and he and the other players completed their putts. On his way down the side of the green, he slipped and fell approximately three feet from the edge of the green.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "A participant consents to the risk of 'those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation' " (*Sedita v City of New York*, 8 AD3d 256, 257 [2004], quoting *Turcotte v Fell*, 68 NY2d 432, 439 [1986]).

Here, the record demonstrates that the wet grass which caused the injured plaintiff to slip and fall was an open and obvious condition of which he was fully aware prior to playing the hole. He therefore voluntarily assumed the risk of injury by playing on the wet surface (*see Ozner v Towers Country Club*, 276 AD2d 760 [2000]; *Carracino v Town of Oyster Bay*, 247 AD2d 501 [1998]; *Sands v Bonnie View on Lake George*, 230

AD2d 902 [1996]). Moreover, the affidavit of the plaintiff's expert did not sufficiently identify any specific industry standard upon which he relied in concluding that the defendant negligently watered the course. Therefore, it was insufficient to raise a triable issue of fact in response to the defendant's establishment of its entitlement to judgment as a matter of law (*see Romano v Stanley,* 90 NY2d 444 [1997]; *Baehre v Sagamore Resort Hotel,* 4 AD3d 810, 811 [2004]; *Veccia v Clearmeadow Pistol Club,* 300 AD2d 472 [2002]). Florio, J.P., Adams, Cozier and Mastro, JJ., concur.