■ JOSEPH F. LOMBARDO et al., Appellant, v CEDAR BROOK GOLF & TENNIS CLUB, INC., Respondent. [834 NYS2d 326]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Ayres, J.), dated September 30, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Joseph F. Lombardo, an experienced golfer, who had played on the defendant's golf course on numerous prior occasions, was injured when he slipped and fell on wet grass while descending from the 17th tee.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Barbato v Hollow Hills Country Club*, 14 AD3d 522 [2005]). "A participant consents to the risk of 'those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation' " (*Sedita v City of New York*, 8 AD3d 256, 257 [2004], quoting *Turcotte v Fell*, 68 NY2d 432, 439 [1986]).

Here, the record demonstrates that the wet grass which caused the injured plaintiff to slip and fall was an open and obvious condition of which he was fully aware prior to the accident. Indeed, the injured plaintiff acknowledged that the course had been closed the day before "because of torrential rains" and that he had played nearly an entire round of golf before the accident occurred. He therefore voluntarily assumed the risk of injury by playing on the wet surface (*see Barbato v Hollow Hills Country Club, supra*). Moreover, the affidavit of the plaintiffs' expert did not identify any specific industry standard upon which he relied in concluding that the defendant negligently designed the course. Therefore, the affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact in response to the defendant's establishment of entitlement to judgment as a matter of law (*see Romano v Stanley*, 90 NY2d 444 [1997]). Schmidt, J.P., Crane, Santucci and Skelos, JJ., concur.