◼ GILES MANIAS et al., Respondents, v GOLDEN BEAR GOLF CENTER, INC., Appellant. [848 NYS2d 491]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered August 22, 2006 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Giles Manias (plaintiff) when he fell from the upper level of a driving range at defendant's indoor golf facility. Plaintiffs alleged that the safety net extending out from the upper level was negligently designed and constructed because it failed to support plaintiff when he lost his balance and fell over the edge of the platform, and that defendant therefore failed to maintain the premises in a reasonably safe condition. We conclude that Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. We reject defendant's contention that plaintiff assumed the risk inherent in driving golf balls from the upper deck of the driving range and thus that defendant is not liable for plaintiff's injuries (*cf. Trevett v City of Little Falls*, 6 NY3d 884, 885 [2006], *rearg denied* 7 NY3d 845 [2006]; *Barbato v Hollow Hills Country Club*, 14 AD3d 522 [2005]). Although it may have been foreseeable to plaintiff that he could fall from the platform (*see generally Turcotte v Fell*, 68 NY2d 432, 439 [1986]), an "allegedly damaged or dangerous net—or other safety feature—is by its nature not automatically an inherent risk of a sport as a matter of law for summary judgment purposes" (*Siegel v City of New York*, 90 NY2d 471, 488 [1997]).

Although it is undisputed that defendant was not the owner of the facility when the safety net was installed, we conclude that defendant failed to establish that the netting was reasonably safe for its intended purpose, i.e., that it was installed or maintained " 'in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Basso v Miller*, 40 NY2d 233, 241 [1976]; *see generally Peralta v Henriquez*, 100 NY2d 139, 144 [2003]). In any event, plaintiffs raised an issue of fact sufficient to defeat the motion by submitting the affidavit of a professional engineer stating that the nylon twist ties used to secure the net to the I-beams were

intended to secure wire or cable but not to support a safety net, which should be secured by metal clips or shackles (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.