WARREN MANGAN, Appellant, v ENGINEER'S COUNTRY CLUB, INC., Respondent, et al., Defendant. [912 NYS2d 643]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered August 14, 2009, as granted the motion of the defendant Engineer's Country Club, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell while playing golf on a golf course owned by the defendant Engineer's Country Club, Inc. (hereinafter Engineer's), when he descended a staircase leading from the cart path to the eleventh tee box. Engineer's moved for summary judgment dismissing the complaint insofar as asserted against it.

Under the doctrine of primary assumption of the risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Those risks include risks associated with the construction of the playing surface and any open and obvious condition on it (*see Sykes v County of Erie*, 94 NY2d 912 [2000]; *Maddox v City of New York*, 66 NY2d 270 [1985]). Here, contrary to the plaintiff's contention, the doctrine of primary assumption of the risk applies (*see Galski v State of New York*, 289 AD2d 195 [2001]; *Bockelmann v New Paltz Golf Course*, 284 AD2d 783, 784 [2001]), and thus, Engineer's was entitled to summary judgment dismissing the complaint insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.