13-2129-cv
Hahn v. Town of West Haverstraw

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand fourteen.

PRESENT: DENNIS JACOBS,
GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
MINHO HAHN,
Plaintiff-Appellant,

-v.- 13-2129-cv

TOWN OF WEST HAVERSTRAW, NY, d/b/a
PHILIP J. ROTELLA MEMORIAL GOLF
COURSE,
Defendant-Appellee.[1]
- - - - - - - - - - - - - - - - - - - -X

---

[1] The Clerk of Court is ordered to amend the caption as above.

FOR APPELLANT:                  Michael S. Kimm and Francesco A.
                                Savoia Kimm Law Firm, Englewood
                                Cliffs, New Jersey.

FOR APPELLEE:                   Anna J. Ervolina, Morris Duffy
                                Alonso & Faley, New York, New
                                York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Minho Hahn appeals from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.), granting summary judgment in favor of defendant-appellee. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Hahn is an experienced golfer who has played at least twice a week during the golfing season for the twenty years preceding the accident. Hahn brought this diversity action for damages against the Town of West Haverstraw (the "Town"), alleging the Town's negligent maintenance and design of the Philip J. Rotella Memorial Golf Course ("Rotella Memorial") caused him to suffer injuries in a runaway golf-cart in July 2010.

After Hahn and some friends teed off at Hole Five, the group proceeded along the path and down a slope toward the green in two golf carts. Two of Hahn's friends rode together in one cart, and Hahn traveled alone behind. Hahn testified at his deposition that the cart path looked as it did in the past and that he proceeded down the hill "as usual." J.A. 187-88. The right front wheel of his cart struck a stone seven to eight inches in diameter, causing the wheel of the cart to turn left, carrying him about thirty feet down an eighteen-to-twenty-two degree slope and into a tree. The collision with the tree injured Hahn's knee and leg.

Hahn claims the Town was negligent in (1) allowing the rock or piece of debris to remain on the cart path, or (2)

2

failing to install a guardrail along that portion of the cart path.

We review an award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Nagle v. Marron, 663 F.3d 100, 104-05 (2d Cir. 2011).

To prevail on a negligence claim under New York law, a plaintiff must show (1) a duty owed by defendants to plaintiff, (2) a breach of that duty, and (3) injuries proximately caused by the breach. Stagl v. Delta Airlines, Inc., 52 F.3d 463, 467 (2d Cir. 1995). Having reviewed the record de novo, we affirm for substantially the same reasons stated by the district court in its thorough and well-reasoned Memorandum Decision of April 3, 2013. See Hahn v. Town of Haverstraw, No. 11-cv-1635, 2013 U.S. Dist. LEXIS 56468 (S.D.N.Y. Apr. 3, 2013).

As the district court ruled, this suit is barred by the doctrine of primary assumption of risk. A voluntary participant in a sporting or entertainment pursuit "consents to the risk of 'those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation.'" Sedita v. City of New York, 777 N.Y.S.2d 327, 327 (App. Div. 2004) (quoting Turcotte v. Fell, 68 N.Y.2d 432, 439 (App. Div. 1986)). "[T]he inquiry into whether an individual has assumed the risks inherent in a sport or recreational activity 'includes consideration of the participant's knowledge and experience in the activity generally.'" Goodlett v. Kalishek, 223 F.3d 32, 36 (2d Cir. 2000)(quoting Turcotte, 68 N.Y.2d at 440). The doctrine is applied "[c]onsistent with [its] justification": to "facilitate[] free and vigorous participation in athletic activities, and [to] foster[] these socially beneficial activities by shielding coparticipants, activity sponsors or venue owners from potentially crushing liability." Custodi v. Town of Amherst, 20 N.Y.3d 83, 88, 980 N.E.2d 933, 935 (N.Y. 2012) (citation and internal modification omitted).

The undisputed evidence demonstrates that the cart path was an open and obvious part of the golf course terrain. Its conditions, including the steepness of the hill and the potential for small hazards to appear on the path, surely

3

were well known to Hahn, who had played at Rotella Memorial and traversed the cart path (and countless others like it) numerous times before the accident.  There is no genuine dispute that the topography of Rotella Memorial was open and obvious (certainly to the experienced Hahn), and Hahn's risk of injury while driving on the cart path was inherent in his choice to play his round of golf with the aid of a golf cart.  See, e.g., Anand v. Kapoor, 942 N.E.2d 295, 296-97 (N.Y. 2010) ("[T]he manner in which Anand was injured--being hit without warning by a 'shanked' shot while one searches for one's own ball--reflects a commonly appreciated risk of golf."); Barbato v. Hollow Hills Country Club, 789 N.Y.S.2d 199, 200 (N.Y. App. Div. 2005) (holding that plaintiff, "an experienced golfer who had played on the defendant's golf course on numerous prior occasions," was barred from recovery for injuries sustained by slipping on wet grass near a putting green, because he had "voluntarily assumed the risk of injury by playing on the wet surface"); Egeth v. County of Westchester, 614 N.Y.S.2d 763, 763-64 (App. Div. 1994) (holding that plaintiff assumed risk of injury when walking over mound of earth between putting green and a cart path, given  plaintiff's general familiarity with the course from previous rounds).  We agree with the district court that Hahn had assumed the risk of this particular type of golf-cart accident.[2]

The expert report submitted by Hahn raises no triable issue of fact.  Hahn's expert concluded that a guardrail should have been installed based solely on recommendations from golf cart manufacturers.  However, that expert does not articulate how golf cart manufacturers' recommendations set a specific industry standard for golf course designers.  See Lombardo v. Cedar Brook Golf & Tennis Club, Inc., 834 N.Y.S.2d 326, 327 (App. Div.) (granting summary judgment when plaintiff's expert did not identify "any specific industry standard upon which he relied in concluding that the defendant negligently designed the course"); Barbato,

---

[2]     The very recent decision of the Appellate Division, Third Department, in Rose v. Tee-Bird Gold Club, Inc., No. 516687, 2014 N.Y. Slip Op. 2481 (April 10, 2014), is not to the contrary.  That case turned on a question of fact as to whether the golf cart there involved had bald tires, which the court held is not a normal danger associated with golfing.

4

789 N.Y.S.2d at 200-01.  The expert report, therefore, was legally insufficient.

For the foregoing reasons, and finding no merit in Hahn's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK