■ ARNOLD SIMON et al., Appellants, v HAMLET WINDWATCH DEVELOPMENT, LLC, et al., Respondents. [990 NYS2d 870]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much an order of the Supreme Court, Suffolk County (Spinner, J.), entered February 19, 2013, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 14, 2008, the plaintiff Arnold Simon (hereinafter the injured plaintiff) allegedly tripped and fell while playing golf on a golf course owned and operated by the defendants Hamlet Windwatch Development, LLC, and Hamlet Windwatch, LLC (hereinafter together the defendants), located in Hauppauge. The injured plaintiff exited his golf cart on the cart path near the top of a staircase leading down to the green at the second hole. While walking to the rear of the golf cart to retrieve his putter, he stepped into an area of the cart path containing a depressed drainage grate. As a result, he fell forward and partially onto the wooden step leading down to the green at the second hole. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff's claims were barred by the doctrine of primary assumption of risk. The Supreme Court granted the motion and the plaintiffs appeal.

Under the doctrine of primary assumption of the risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Those risks include risks associated with the construction of the playing surface and any open and obvious condition on it (*see Mangan v Engineer's Country Club, Inc.*, 79 AD3d 706 [2010]; *Galski v State of New York*, 289 AD2d 195 [2001]). Here, contrary to the plaintiffs' contention, the defendants established their prima facie entitlement to judgment as a matter of law on the ground that the doctrine of primary

assumption of risk applied (*see Mangan v Engineer's Country Club, Inc.*, 79 AD3d at 706; *Bockelmann v New Paltz Golf Course*, 284 AD2d 783 [2001]; *Galski v State of New York*, 289 AD2d at 195; *Egeth v County of Westchester*, 206 AD2d 502 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.