■ Michael Bryant et al., Respondents, v Town of Brookhaven, Respondent, Fairway Golf Management, LLC, Respondent-Appellant, and Parkland Golf Management, Inc., Appellant-Respondent. [23 NYS3d 358]—

In an action to recover damages for personal injuries, etc., the defendant Parkland Golf Management, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated January 30, 2014, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Fairway Golf Management, LLC, cross-appeals, as limited by its brief, from so much of the same order

as denied its motion for summary judgment dismissing the complaint insofar as asserted against it or, alternatively, for summary judgment on its cross claims against the defendant Parkland Golf Management, Inc., for common-law contribution and common-law indemnification.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the plaintiffs to the defendant Parkland Golf Management, Inc., and the defendant Fairway Golf Management, LLC, the cross motion of the defendant Parkland Golf Management, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and that branch of the motion of the defendant Fairway Golf Management, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The injured plaintiff was playing golf when he slipped and fell on a wet wooden railroad tie that lined a footpath on the golf course.

Under the doctrine of primary assumption of the risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "A participant consents to the risk of 'those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation' " (*Sedita v City of New York*, 8 AD3d 256, 257 [2004], quoting *Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Lombardo v Cedar Brook Golf & Tennis Club, Inc.*, 39 AD3d 818 [2007]; *Barbato v Hollow Hills Country Club*, 14 AD3d 522 [2005]). Among the risks inherent in participating in a sport are the risks involved in the construction of the field, and any open and obvious conditions of the place where the sport is played (*see Simon v Hamlet Windwatch Dev., LLC*, 120 AD3d 657 [2014]; *Mangan v Engineer's Country Club, Inc.*, 79 AD3d 706 [2010]; *Galski v State of New York*, 289 AD2d 195 [2001]; *Bockelmann v New Paltz Golf Course*, 284 AD2d 783 [2001]).

"[A]wareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff" (*Morgan v State of New York*, 90 NY2d at 486; *see Turcotte v Fell*, 68 NY2d at 440; *Maddox v City of New York*, 66 NY2d 270, 278 [1985]). Moreover, "[i]t is not necessary to the application of assumption of risk that the injured plaintiff [had] foreseen the exact manner in which his or her injury occurred, so long as he or

she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d at 278; *see Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006]). While participants are not deemed to have assumed the risks of concealed or unreasonably increased risks (*see Morgan v State of New York*, 90 NY2d at 485; *Benitez v New York City Bd. of Educ.*, 73 NY2d 650 [1989]; *Schmerz v Salon*, 19 NY2d 846 [1967]; *Mussara v Mega Funworks, Inc.*, 100 AD3d 185 [2012]), if "the risks are fully comprehended or obvious and the plaintiff has consented to them, the defendant has satisfied its only duty of care which is to make the conditions as safe as they appear to be" (*Cohen v Heritage Motor Tours*, 205 AD2d 105, 108 [1994]; *see Turcotte v Fell*, 68 NY2d at 439; *Joseph v New York Racing Assn.*, 28 AD3d at 108).

Here, the defendant Parkland Golf Management, Inc. (hereinafter Parkland), and the defendant Fairway Golf Management, LLC (hereinafter Fairway), established their prima facie entitlement to judgment as a matter of law pursuant to the doctrine of primary assumption of the risk. Parkland and Fairway demonstrated that slipping on the wet railroad tie was a reasonably foreseeable consequence of playing golf while the course was still wet from the morning dew. Therefore, the injured plaintiff, an experienced golfer who had played on the subject golf course on numerous prior occasions (*see Lombardo v Cedar Brook Golf & Tennis Club, Inc.*, 39 AD3d at 819; *Barbato v Hollow Hills Country Club*, 14 AD3d at 522; *Ozner v Towers Country Club*, 276 AD2d 760, 761 [2000]), assumed the risk of injury.

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the injured plaintiff was subjected to "unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d at 658; *see Morgan v State of New York*, 90 NY2d at 485). The injured plaintiff claimed that overgrown grass camouflaged or hid the slippery condition of the railroad tie from view. However, his testimony failed to substantiate that claim. At his hearing pursuant to General Municipal Law § 50-h, the injured plaintiff testified that the footpath was "partially obstructed" by "the conditions of how long the grass was," and at his examination before trial he testified that the grass was "almost overgrown with the railroad ties." He further testified that, as he was approaching the footpath, he was looking "[a]head," was not walking with his head down, but walking "straight ahead," and saw the footpath in front of him.

Accordingly, the Supreme Court erred in denying Fairway's

motion and Parkland's cross motion for summary judgment dismissing the complaint insofar as asserted against each of them (*see Mangan v Engineer's Country Club, Inc.*, 79 AD3d at 706; *Galski v State of New York*, 289 AD2d at 196; *Bockelmann v New Paltz Golf Course*, 284 AD2d at 784; *Egeth v County of Westchester*, 206 AD2d 502 [1994]).

In light of our determination, we need not reach the parties' remaining contentions. Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.