■ PATRICIA R. MacISAAC, Individually and as Administratrix of the Estate of JOHN R. MacISAAC, Deceased, Appellant, v NASSAU COUNTY, Respondent. [60 NYS3d 64]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered February 8, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On August 9, 2012, John R. MacIsaac (hereinafter the decedent) was walking from the 12th green to the 13th tee box on a golf course at Eisenhower Park when he allegedly tripped on a sprinkler system coupling valve in a grass-covered hole, causing him to fall to the ground and sustain injuries which ultimately led to his death. The plaintiff, as administratrix of the decedent's estate, and individually, commenced this action against the defendant, which owned the premises, alleging, inter alia, wrongful death. The defendant moved for summary judgment dismissing the complaint on the ground, among others, that the plaintiff's claims were barred by the doctrine of primary assumption of risk. The Supreme Court granted the defendant's motion. We reverse.

Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). This includes risks associated with the construction of the playing surface and any open and obvious condition on it (*see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893, 894 [2006]; *Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Maddox v City of New York*, 66 NY2d 270, 277 [1985]; *Simon v Hamlet Windwatch Dev., LLC*, 120 AD3d 657, 657-658 [2014]; *Galski v State of New York*, 289 AD2d 195, 196 [2001]).

The defendant established its prima facie entitlement to judgment as a matter of law on the ground that the doctrine of primary assumption of risk applied (*see Sykes v County of Erie*, 94 NY2d at 913; *Simon v Hamlet Windwatch Dev., LLC*, 120 AD3d at 657-658; *Galski v State of New York*, 289 AD2d at 196).

However, in opposition, the plaintiff raised a triable issue of fact as to whether the subject condition was concealed or unreasonably increased the risks inherent in the golf course (*see Morgan v State of New York*, 90 NY2d at 485; *Simone v Doscas*, 142 AD3d 494, 494-495 [2016]; *Brown v Roosevelt Union Free Sch. Dist.*, 130 AD3d 852, 854 [2015]). In this regard, the Supreme Court erred in rejecting the affidavits and photographic evidence submitted by the plaintiff in opposition to the motion. Contrary to the court's determination, the plaintiff was not required to identify John Flower as a notice witness prior to filing the note of issue. The disclosure requirements of CPLR 3101 include the obligation to disclose the names of witnesses "if they are material and necessary to the prosecution or defense of the action" (*Zellman v Metropolitan Transp. Auth.*, 40 AD2d 248, 251 [1973]; *see* CPLR 3101). Here, Flower did not possess information material and necessary to the prosecution or defense of the action. In his affidavit, Flower merely authenticated certain photographs, most of which had been submitted by the decedent with his notice of claim prior to his death. Consequently, the court should not have rejected Flower's affidavit and the attendant photographs on the ground that the plaintiff had failed to identify Flower as a notice witness prior to the filing of the note of issue. As a related matter, the court improperly rejected the affidavit of the plaintiff's expert on the ground that he relied upon the photographs. Further, the court should not have rejected the two remaining affidavits from individuals who were disclosed to the defendant prior to the filing of the note of issue.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.