Awai v Benchmark Constr. Serv., Inc. (2019 NY Slip Op 03752)





Awai v Benchmark Constr. Serv., Inc.


2019 NY Slip Op 03752


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-06280
 (Index No. 3934/16)

[*1]Dianne Awai, respondent, 
v
Benchmark Construction Service, Inc., appellant.


Law Offices of Cheng & Associates, PLLC, Long Island City, NY (Pui Chi Cheng of counsel), for appellant.
Shaevitz, Shaevitz & Kotzamanis, Jamaica, NY (MaryEllen David and Steven Barbara of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered April 24, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 2, 2014, the plaintiff allegedly tripped and fell over a wire/cable in the front lobby of the Joseph P. Addabbo Federal Building in Queens, allegedly owned by the Social Security Administration, a nonparty. In 2016, the plaintiff commenced this action against the defendant, a construction services company which, at the relevant time, was performing work in the front lobby of the building pursuant to a contract it had with nonparty General Services Administration. The plaintiff alleged in her bill of particulars, inter alia, that the defendant was negligent in creating a trip hazard which caused her to fall. At her deposition, the plaintiff testified that a wire running up through a hole in the floor had caused her to fall.
After the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the evidence it submitted in support of its motion, including surveillance footage of the accident and the parties' deposition transcripts, established, prima facie, that it did not create the alleged dangerous condition. Lawrence Aliseo, the defendant's senior project manager, testified at his deposition that the wiring over which the plaintiff tripped was not installed by the defendant. In opposition, the plaintiff submitted, inter alia, the affidavit of nonparty Michael Naclerio, who, at the relevant time, was employed by the Social Security Administration as a project manager for the project on which the defendant was performing work. Naclerio stated that, contrary to Aliseo's deposition testimony, the defendant was responsible for running telephone wire in the lobby where the plaintiff fell and also for securing and clearing the work area after each shift. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint on the ground that there were triable issues of fact.
In reply to the plaintiff's opposition, the defendant argued, and continues to argue on appeal, that Naclerio's affidavit should not have been considered, as he was a notice witness whose identity was not disclosed by the plaintiff until after the note of issue and the defendant's motion for summary judgment were filed. As a general matter, parties are required to disclose the names of witnesses who are material and necessary to the prosecution or defense of an action (see Rivera v [*2]Glen Oaks Vil. Owners, Inc., 41 AD3d 817, 819; Zayas v Morales, 45 AD2d 610, 612; Zellman v Metropolitan Transp. Auth., 40 AD2d 248, 251). Moreover, a court determining a motion for summary judgment generally should not consider the affidavit of a notice witness submitted in opposition to the motion where the witness was not previously disclosed, unless there is a valid excuse for the failure to disclose (see Gallway v Muintir, LLC, 142 AD3d 948, 949; Henry v Higgins, 117 AD3d 796, 797; Rizos v Galini Seafood Rest., 89 AD3d 1004; Muniz v New York City Hous. Auth., 38 AD3d 628).
Here, however, Naclerio, the plaintiff's nonparty witness, was not a notice witness, as he did not witness the occurrence itself or the alleged dangerous condition which caused or contributed to the plaintiff's fall. Rather, Naclerio's affidavit indicated that he merely reviewed the videotape footage of the plaintiff's fall and described the general contractual scope of the defendant's work at the premises (see MacIsaac v Nassau County, 152 AD3d 758, 759). Further, Naclerio's affidavit is silent on the issue of the creation of any actually defective condition, and/or notice of it. While the defendant's counsel, in reply to the plaintiff's opposition, argued that the plaintiff failed to disclose Naclerio in response to its witness demand, such demand was not before the Supreme Court and is therefore not part of the record on this appeal. Only if the witness demand had been provided to the Supreme Court and then reproduced for the appellate record would this Court be able to determine whether or not Naclerio fell within the scope of its wording. Therefore, the Supreme Court did not err in considering the Naclerio affidavit submitted by the plaintiff in opposition to the defendant's motion for summary judgment.
Accordingly, we agree with the Supreme Court that, although the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint, the plaintiff's evidence submitted in opposition, including the Naclerio affidavit, raised a triable issue of fact requiring the denial of the defendant's motion.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court