Zhou v Tuxedo Ridge, LLC (2020 NY Slip Op 01206)





Zhou v Tuxedo Ridge, LLC


2020 NY Slip Op 01206


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-01540
2018-02222
2018-02608
 (Index No. 1229/14)

[*1]Judy Zhou, etc., et al., respondents,
v
Tuxedo Ridge, LLC, et al., appellants.


Roemer Wallens Gold & Mineaux LLP (Shaub Ahmuty Citrin & Spratt, LLP, Lake Success, NY [Timothy R. Capowski, John F. Watkins, and Christopher R. Theobalt], of counsel), for appellants.
Souren A. Israelyan, New York, NY, for respondents.
Cleary Shahi & Aicher, P.C., Brooklyn, NY (Joel P. Iannuzzi of counsel), for amicus curiae National Ski Areas Association.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated November 29, 2017, (2) a judgment of the same court entered January 9, 2018, and (3) an order of the same court dated January 10, 2018. The order dated November 29, 2017, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident and for a new trial on the issue of liability, and to set aside as excessive a separate jury verdict on the issue of damages awarding the plaintiffs the sums of $3,000,000 for past pain and suffering, $15,000,000 for future pain and suffering, and $1,000,000 for future medical expenses. The judgment, insofar as appealed from, upon the jury verdict on the issue of liability, upon the separate jury verdict on the issue of damages, and upon the order dated November 29, 2017, is in favor of the plaintiffs and against the defendants in the total sum of $20,701,302.80. The order dated January 10, 2018, made after a collateral source hearing, denied that branch of the defendants' motion pursuant to CPLR 4545 which was for a collateral source setoff.
ORDERED that the appeal from the order dated November 29, 2017, is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for a new trial on the issue of liability and to set aside as excessive the jury verdict on the issue of damages are granted, the order dated November 29, 2017, is modified accordingly, the order dated January 10, 2018, is vacated, and the matter is remitted to the Supreme Court, Queens County, for (1) a new trial on the issue of liability, and (2), if liability is found, a new trial on the issue of damages unless, within 30 days of a verdict in favor of the [*2]plaintiffs on the issue of liability, the plaintiffs serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation, subject to the jury's apportionment of fault, if any, consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $3,000,000 to the principal sum of $950,000, for future pain and suffering for 66.1 years from the principal sum of $15,000,000 to the principal sum of $1,250,000, for future medical expenses from the principal sum of $1,000,000 to the principal sum of $115,000, and for past medical expenses from the principal sum of $61,233.68 to the principal sum of $4,783.46, reflecting a $56,440.22 collateral source setoff, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs so stipulate, then the jury verdict on the issue of damages, as so reduced and amended, is affirmed; and it is further,
ORDERED that the appeal from the order dated January 10, 2018, is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order dated November 29, 2017, must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated November 29, 2017, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On February 18, 2013, Judy Zhou (hereinafter the injured plaintiff), then a nine-year- old novice skier, was injured while skiing at the Tuxedo Ridge Ski Center in Tuxedo. Prior to her injury, she took the chairlift to the top of the bunny slope and began her first run of the day. At the bottom of the bunny slope, the corral for the ski lift was separated from the rest of the slope by orange-and-black striped bamboo poles, an orange "slow skiing area" sign, and green plastic figures displaying the word "slow" that were used as warning devices. The injured plaintiff skied past the devices into what she thought was an open area where she could stop. However, she crashed into a white PVC pole which was being used as a stanchion to hold up an orange rope that designated where to wait in line for the ski lift. This accident resulted in the injured plaintiff sustaining a displaced Salter-Harris II fracture of the right femur requiring a closed reduction with a percutaneous screw fixation. In addition, the injury damaged the plaintiff's growth plate, which resulted in a 1.4 centimeter discrepancy in leg length and a mild angular knee deformity. Future surgery to the leg and knee has been recommended by the injured plaintiff's treating orthopedic surgeon.
In January 2015, the injured plaintiff, by her mother, and her mother individually, commenced this action against Tuxedo Ridge, LLC, Tuxedo Ridge Ski Center, and Tuxedo Ridge Adventure Tours, LLC, which collectively moved for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of assumption of risk. The Supreme Court denied this motion in an order entered February 15, 2017. Following a jury trial, during which Tuxedo Ridge Adventure Tours, LLC, was dismissed from the case, the jury returned a verdict in favor of the plaintiffs on the issue of liability, finding Tuxedo Ridge, LLC, and Tuxedo Ridge Ski Center (hereinafter together the defendants) 100% at fault in the happening of the accident. After a trial on the issue of damages, the jury returned a verdict awarding the plaintiffs the sum of $3,000,000 for past pain and suffering, $15,000,000 for future pain and suffering, and $1,000,000 for future medical expenses. The parties stipulated that the plaintiffs had past medical expenses in the sum of $61,223.68.
The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for a new trial on the issue of liability and to set aside as excessive the jury verdict on the issue of damages, and pursuant to CPLR 4545 for a collateral source setoff. In an order dated November 29, 2017, the Supreme Court, among other things, denied those branches of the motion which were pursuant to CPLR 4404(a). In an order dated January 10, 2018, the court denied that branch of the motion which was pursuant to CPLR 4545 for a collateral source setoff. The court entered a judgment in favor of the plaintiffs and against the defendants in the total sum of $20,701,302.80. The defendants appeal.
The doctrine of assumption of the risk has survived New York's adoption of comparative fault (see Trupia v Lake George Cent. School Dist., 14 NY3d 392, 395; Morgan v State of New York, 90 NY2d 471, 485). The "doctrine applies where a consenting participant in sporting and amusement activities is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks'" (Bukowski v Clarkson Univ., 19 NY3d 353, 356, quoting Morgan v State of New York, 90 NY2d at 484). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (Bukowski v Clarkson Univ., 19 NY3d at 356). Risks which are "commonly encountered" or "inherent" in a sport, as well as risks "involving less than optimal conditions," are risks which participants have accepted and are encompassed by the assumption of the risk doctrine (id. at 356; see Bryant v Town of Brookhaven, 135 AD3d 801, 802). "It is not necessary . . . that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Siegel v Albertus Magnus High Sch., 153 AD3d 572, 574 [internal quotation marks omitted]). Awareness of risk is to be assessed against the background of the skill and experience of the particular plaintiff (see Morgan v State of New York, 90 NY2d at 486; Bryant v Town of Brookhaven, 135 AD3d at 802).
Here, on their motion for summary judgment dismissing the complaint, the movants failed to establish their entitlement to judgment as a matter of law on the ground that the action was barred by the doctrine of assumption of the risk (see Georgiades v Nassau Equestrian Center at Old Mill, Inc., 134 AD3d 887). The evidence submitted in support of the motion demonstrated that the injured plaintiff was a nine-year-old novice skier on a bunny slope, which is a part of the ski area specifically designed for beginners who are learning how to ski. The evidence submitted also included the injured plaintiff's deposition testimony that she believed it was safer to continue beyond the devices than to be struck by a passing skier if she fell. The devices warned skiers to slow down but did not warn them to stop. These facts presented a triable issue of fact as to whether the injured plaintiff was aware of and fully appreciated the risk involved in downhill skiing and the terrain of the bunny slope such that she assumed the risk of injury (see M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953; Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d 327; de Lacy v Catamount Dev. Corp., 302 AD2d 735, 736; Basilone v Burch Hill Operations, 199 AD2d 779, 779-780). Accordingly, we agree with the Supreme Court's determination denying the motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
At the close of the trial on the issue of liability, the Supreme Court denied the defendants' request to instruct the jury on express assumption of the risk and implied assumption of the risk. While there was no evidence elicited at trial that the injured plaintiff expressly assumed the risk of injury, the evidence did support an instruction on implied assumption of risk. Specifically, a factual issue was presented regarding whether the injured plaintiff assumed the risk of skiing in the area where the PVC pipe was located. Although the injured plaintiff testified that the PVC pipe "blended with the snow," the pipe had a brightly colored guide-rope attached to it on the day of the accident and was behind warning devices past which the injured plaintiff skiied (see Bunn v Town of N. Hempstead, 109 AD3d 627, 628). Therefore, the court should have granted the defendants' request to instruct the jury on implied assumption of the risk. Under the facts of this case, the failure to instruct the jury on implied assumption of the risk is an error warranting a new trial (see Shire v Mazzilli, 203 AD2d 275).
The Supreme Court also should have granted the defendants' request to admit into evidence a video recording of the deposition testimony of a volunteer member of the defendants' ski patrol (see CPLR 3117[a]).
" Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care'" (Starkman v City of Long Beach, 148 AD3d 1070, 1072, quoting Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974). Jury awards for past pain and suffering will not be disturbed unless they deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Starkman v City of Long Beach, 148 AD3d at 1072).
Here, the jury's awards for past and future pain and suffering deviated materially from what would be reasonable compensation (see CPLR 5501[c]). The injured plaintiff was nine years old when she fractured her right femur on the defendants' ski slope. She underwent surgery to repair the injury and may require future surgery to address the leg length discrepancy and mild knee deformity. Based on the totality of her injuries, age, effect, and permanency, we conclude that the awards as to past and future pain and suffering were excessive to the extent indicated (cf. Jones v New York City Tr. Auth., 66 AD3d 532; Bello v New York City Tr. Auth., 50 AD3d 511). The award for future medical expenses also must be reduced, as the only evidence in the record addressing future medical expenses indicated a total sum of $115,000.
Finally, the defendants bore the burden of establishing that past or future economic losses will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source (see CPLR 4545[a]; Firmes v Chase Manhattan Automotive Finance Corp., 50 AD3d 18; Kihl v Pfeffer, 47 AD3d 154, 163-164). Here, the defendants established that they were entitled to a collateral source setoff in the sum of $56,440.22 against the injured plaintiff's past medical expenses (see CPLR 4545[a]; Kihl v Pfeffer, 47 AD3d 154). However, they failed to meet their burden of proof as to the existence of future setoffs during the long arc of the infant plaintiff's life that will correspond with her future economic loss (see Kiel v Pfeffer, 47 AD3d at 164), particularly as there is a limit to how long she may remain under her parents' health care coverage.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court