■ SAMATHA VESTAL et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [776 NYS2d 491]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated June 30, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On October 22, 2000, the infant plaintiff (hereinafter the plaintiff) was riding her bicycle in Coindre Hall Park, which is owned by the defendant County of Suffolk. The plaintiff rode her bicycle down a paved pathway within the park, where the asphalt had deteriorated and which contained potholes. Her bicycle began shaking and she fell. As a result of her fall, she sustained physical injuries. According to the County, this particular pathway was "abandoned," meaning that the County decided not to maintain this area and that shrubbery was permitted to grow freely on the pathway. Although bicycle riding was permitted in the park, at the time of the accident, there were no signs, chains, or barriers on that pathway to indicate that it was not suitable for bicycling.

The plaintiff and her mother commenced this action against the County claiming that it negligently maintained the pathway on which the plaintiff was injured and negligently failed to warn of the dangerous condition that existed on the pathway. Following the completion of discovery, the County moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We affirm.

"[A] municipality which extends to its citizens an invitation to enter and use recreational areas owes to those accepting that invitation a duty of reasonable and ordinary care against foreseeable dangers. What degree of care is reasonable necessarily depends upon the attendant circumstances and is a jury question" (*Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]; *see Basso v Miller,* 40 NY2d 233 [1976]). The proof provided in support of the County's motion did not sufficiently eliminate all material issues of fact relating to whether it breached the duty owed to the plaintiff to maintain the premises in a reasonably safe condition in view of all of the circumstances. Therefore, the Supreme Court correctly denied the County's summary judgment motion (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Ramlall v Colonial Steel Corp.,* 307 AD2d 260 [2003]).

Contrary to the County's contention, the injured plaintiff cannot be said as a matter of law to have assumed the risk of being injured as a result of a defective condition on a paved pathway merely because she participated in the activity of

bicycling (*see Berfas v Town of Oyster Bay,* 286 AD2d 466 [2001]; *cf. Schiavone v Brinewood Rod & Gun Club,* 283 AD2d 234, 236 [2001]). Nor were the injured plaintiff's actions so extraordinary and unforeseeable as to be deemed a superseding cause of her injuries (*see Spathos v Gramatan Mgt.,* 2 AD3d 833, 834 [2003]; *Cruz v City of New York,* 201 AD2d 606 [1994]).

Furthermore, the County was not entitled to governmental immunity in this action, as its operation of a public park is not a governmental function (*see Caldwell v Village of Is. Park, supra* at 273; *see also Lemery v Village of Cambridge,* 290 AD2d 765 [2002]).

The County's remaining contention is without merit. Florio, J.P., Townes, Cozier and Mastro, JJ., concur.