█ Joseph Moore, Respondent, v City of New York, Appellant. [816 NYS2d 131]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 24, 2004, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while riding his bicycle on South Lake Drive in Prospect Park when the front wheel of the bicycle fell through a gap between a sewer grating and the roadway. Photographs of the scene depict the gap as being approximately 1½-inches wide, running parallel to the direction of traffic, along the full length of the grating. At the General Municipal Law § 50-h hearing, the plaintiff testified that he did

not notice anything unusual about the sewer grating prior to the accident. In his subsequent affidavit, he further clarified that the space between the sewer grating and the roadway was not discernible from his vantage point.

"Contrary to the [defendant's] contention, the injured plaintiff cannot be said as a matter of law to have assumed the risk of being injured as a result of a defective condition on a paved pathway merely because [he] participated in the activity of bicycling" (*Vestal v County of Suffolk*, 7 AD3d 613, 614-615 [2004]; *see also Berfas v Town of Oyster Bay*, 286 AD2d 466 [2001]). In any event, even if the doctrine of primary assumption of the risk were applicable, the defendant failed to establish, as a matter of law, that the gap between the sewer grating and the roadway in this case was open and obvious, so as to come within the class of risk assumed by the plaintiff (*see Warren v Town of Hempstead*, 246 AD2d 536 [1998]; *Weller v Colleges of the Senecas*, 217 AD2d 280 [1995]).

Accordingly, the defendant's motion was properly denied. Adams, J.P., Mastro, Fisher and Covello, JJ., concur.