■ CHRISTOPHER CARABALLO et al., Appellants, v CITY OF YONKERS, Respondent. [865 NYS2d 229]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered March 23, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

On May 24, 2000, the infant plaintiff, then a 12-year-old boy, was injured when the "home made" bicycle he was riding came into contact with a pothole abutting a manhole cover on a street in the City of Yonkers. Although the plaintiff was an experienced bicyclist and was aware of the pothole, which was in a street located near his residence, he failed to observe it on this particular occasion when he was traveling to his friend's house.

The infant plaintiff and his guardian commenced the instant action against the City to recover damages, inter alia, for the City's negligence in failing to maintain the street in a reasonably safe condition. The Supreme Court granted the City's motion for summary judgment dismissing the complaint, invoking the bar to recovery arising from the primary assumption-of-risk doctrine applied to sporting activities. We reverse.

The City failed to establish its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Contrary to the City's contention, the infant plaintiff cannot be said, as a matter of law, to have assumed the risk of being injured by a defective condition of a pothole on a public street, merely because he was participating in the activity of recreational noncompetitive bicycling (*see Phillips v County of Nassau,* 50 AD3d 755 [2008]; *Moore v City of New York,* 29 AD3d 751, 752 [2006]; *Vestal v County of Suf-*

*folk,* 7 AD3d 613, 614-615 [2004]; *Berfas v Town of Oyster Bay,* 286 AD2d 466 [2001]), and using the bicycle as a means of transportation (*see Powley v State of New York,* 10 Misc 3d 1060[A], 2005 NY Slip Op 52057[U] [2005]). Accordingly, the City's motion should have been denied, regardless of the sufficiency of the plaintiffs' opposition papers. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.