■ DESHAWN JAMES et al., Respondents, v NEWPORT GARDENS, INC., et al., Appellants, et al., Defendant. [896 NYS2d 116]—

In an action to recover damages for personal injuries, etc., the defendants Newport Gardens, Inc., Newport Associates, L.P., Newport Gardens Association, Grenadier Realty Corp., and Starrett Corporation appeal from so much of an order of the Supreme Court, Kings County (Velasquez, J.), entered March 2,

2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Newport Gardens, Inc., Newport Associates, L.P., Newport Gardens Association, Grenadier Realty Corp., and Starrett Corporation for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff Deshawn James (hereinafter the infant plaintiff), who was 10 years old, allegedly sustained injuries when his bicycle hit a crack in the sidewalk adjacent to the premises allegedly owned by the defendants. The infant plaintiff testified at his examination before trial that as he was riding his bicycle his "front tire hit a crack and space in the sidewalk and the bike, it flipped and landed on my right leg." The defendants Newport Gardens, Inc., Newport Associates, L.P., Newport Gardens Association, Grenadier Realty Corp., and Starrett Corporation (hereinafter together the appellants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the infant plaintiff assumed the risk of injury by riding on the public sidewalk, that the defect was trivial in nature, and that the infant plaintiff violated Administrative Code of the City of New York § 19-176, which prohibits bicycle riding on sidewalks in New York City.

Although the infant plaintiff cannot be said to have assumed the risk of being injured by a defective condition on a public street merely because he was participating in the activity of bicycling (*see Cotty v Town of Southampton*, 64 AD3d 251 [2009]; *Caraballo v City of Yonkers*, 54 AD3d 796 [2008]; *Phillips v County of Nassau*, 50 AD3d 755 [2008]; *Moore v City of New York*, 29 AD3d 751 [2006]; *Vestal v County of Suffolk*, 7 AD3d 613 [2004]), the appellants established their entitlement to judgment as a matter of law by demonstrating that the alleged crack in the sidewalk was a trivial defect and that it did not have the characteristics of a trap or snare (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *Nathan v City of New Rochelle*, 282 AD2d 585 [2001]).

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Fisher v JRMR Realty Corp.*, 63 AD3d 677 [2009]; *Rosello v City of New York*, 62 AD3d 980 [2009]). However, trivial defects are not actionable, and in determining whether a defect is trivial as a matter of law, the

court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstances' of the injury" (*see Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *Pennella v 277 Bronx Riv. Rd. Owners*, 309 AD2d 793 [2003]).

Here, upon review of the photographs depicting the appearance of the condition of the sidewalk and considering all other relevant factors, the appellants established, as a matter of law, that the alleged defect in the sidewalk was trivial, nonactionable, and did not possess the characteristics of a trap or nuisance (*see Hawkins v Carter Community Hous. Dev. Fund Corp.*, 40 AD3d 812 [2007]; *Bekritsky v TACS-4, Inc.*, 27 AD3d 680 [2006]; *D'Arco v Pagano*, 21 AD3d 1050 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *Dick v Gap, Inc.*, 16 AD3d 615 [2005]; *Bekritsky v TACS-4, Inc.*, 27 AD3d 680 [2006]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

In light of our determination, we need not reach the appellants' remaining contention. Prudenti, P.J., Dillon, Eng and Roman, JJ., concur.