[942 NE2d 295, 917 NYS2d 86]

AZAD ANAND et al., Appellants, v ANOOP KAPOOR, Respondent.

Argued November 16, 2010; decided December 21, 2010

### APPEARANCES OF COUNSEL

*Steven Cohn, P.C.*, Carle Place (*Steven Cohn* and *Susan E. Dantzig* of counsel), for appellants.

*Ryan, Perrone & Hartlein, P.C.*, Mineola (*William D. Hartlein* and *William T. Ryan* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question not answered upon the ground that it is unnecessary.

While playing golf with two friends at a nine-hole course in Suffolk County, defendant Anoop Kapoor "shanked" a shot, striking plaintiff Azad Anand in the left eye, with the errant ball. The accident occurred during play on the first hole. Kapoor's second shot landed in the "rough." Without waiting for Kapoor to retrieve his ball, Anand went to look for his on the fairway. Kapoor, meanwhile, found his ball and, without calling "Fore" or giving any other warning to his friends, hit the shot that went in an unintended direction and struck Anand. Anand suffered retinal detachment and permanent loss of vision in the injured eye.

Anand and his wife commenced this personal injury action against Kapoor, asserting that Kapoor's failure to warn of his shot amounted to negligence and proximately caused Anand's injury. After discovery, Supreme Court granted Kapoor's motion for summary judgment and dismissed the complaint, both for the reason that Anand was not in the foreseeable zone of danger and on assumption of risk grounds (2007 NY Slip Op 34463[U] [2007]). The Appellate Division, with one Justice dissenting, affirmed (61 AD3d 787 [2009]). The same Court granted the Anands' motion for leave to appeal to this Court. We now affirm.

A person who chooses to participate in a sport or recreational activity consents to certain risks that "are inherent in and arise

out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). A court evaluating the duty of care owed to a plaintiff by a coparticipant in sport must therefore consider the risks that the plaintiff assumed and "how those assumed risks qualified defendant['s] duty to him" (*Turcotte v Fell*, 68 NY2d 432, 438 [1986]). However, a plaintiff "will not be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks" (*Morgan*, 90 NY2d at 485 [citations omitted]).

Here, Kapoor's failure to warn of his intent to strike the ball did not amount to intentional or reckless conduct, and did not unreasonably increase the risks inherent in golf to which Anand consented. Rather, the manner in which Anand was injured— being hit without warning by a "shanked" shot while one searches for one's own ball—reflects a commonly appreciated risk of golf (*see Rinaldo v McGovern*, 78 NY2d 729, 733 [1991]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order affirmed, etc.