■ Cecilia Ashbourne, Appellant, v City of New York et al., Defendants, and New York City Housing Authority, Respondent. [918 NYS2d 88]—

This case requires us to analyze the extent to which the assumption of risk doctrine remains viable after *Trupia v Lake George Cent. School Dist.* (14 NY3d 392, 395-396 [2010]). Plaintiff, an adult experienced in the activity, was roller-blading home on the sidewalk. She maneuvered to avoid a group of pedestrians in front of her. As she passed them, she admittedly was looking at the pedestrians and not at the ground. Her

wheels became "stuck" and she fell. She sustained injuries requiring surgery. Plaintiff claims that a rise or bump in a part of the sidewalk was the cause of her fall. The location of her fall was adjacent to public housing, so plaintiff sued NYCHA as well as the City.

The motion court granted defendant NYCHA's motion for summary judgment solely on the basis of assumption of risk, essentially holding that by engaging in the activity "plaintiff assumed the risk of falling and being injured while roller-blading." In the interim between the trial court's decision dismissing the case and this decision, the Court of Appeals decided *Trupia*. In *Trupia*, an infant plaintiff, who was attending a summer program that the defendants administered, seriously injured himself while sliding down a banister. The defendant had left the plaintiff, who was under 12, unsupervised. The complaint sought to recover principally on a theory of negligent supervision. The defendants moved to dismiss based on assumption of risk.

In its decision affirming that of the Appellate Division, Third Department, the Court of Appeals discussed how, in 1975, the Legislature abolished contributory negligence and assumption of risk as absolute defenses and replaced them with a comparative negligence framework. Under a comparative negligence approach, the amount of damages is diminished depending on the percentage that the plaintiff is negligent. The Court of Appeals made clear that the assumption of risk doctrine has little place in a comparative negligence framework: "We have not applied the doctrine outside of this limited context [sporting activities] and it is clear that its application must be closely circumscribed if it is not seriously to undermine and displace the principles of comparative causation that the Legislature has deemed applicable to '*any* action to recover damages for personal injury, injury to property, or wrongful death' (CPLR 1411 [emphasis added])" (14 NY3d at 395-396 [citation omitted]). Thus, the Court recognized that blanket application of assumption of risk in every sporting activity was not correct and limited application of the doctrine primarily to protect sponsors of athletic and recreational activities from liability that arose from these activities (*id.* at 396). The Court of Appeals afforded this protection as a policy matter because of the "enormous social value" that athletic and recreational activities impart, "even while they involve significantly heightened risks" (*id.* at 395). The Court of Appeals noted that it had "employed the notion that these risks may be voluntarily assumed to preserve these beneficial pursuits as against the prohibitive liability to which they would

otherwise give rise" (*id.*). Accordingly, the Court refused to apply assumption of risk to the infant plaintiff because the case was not one where the defendant "solely by reason of having sponsored or otherwise supported some risk-laden but socially valuable voluntary activity has been called to account in damages" (*id.* at 396).

On December 21, 2010, the Court of Appeals decided *Anand v Kapoor* (15 NY3d 946 [2010]) and did apply the assumption of risk doctrine to an injury a golfer sustained when a golfing companion hit a golf ball into his eye. The Court of Appeals affirmed the Appellate Division, Second Department's dismissal of the action, stating that "[a] person who chooses to participate in a sport or recreational activity consents to certain risks that 'are inherent in and arise out of the nature of the sport generally and flow from such participation' " (*id.* at 947-948 [citation omitted]).

Although plaintiff was roller-blading, an activity one could consider to be recreational and risky, this is not a case like *Anand* where plaintiff and defendant were participants in an organized sporting event. Plaintiff's leisurely roller-blading on a public sidewalk does not constitute a sponsored sporting event or recreational activity for the purpose of applying the assumption of risk doctrine any more than jogging on the sidewalk would. We simply cannot say, as a matter of law, that by engaging in a form of exercise, such as roller-blading or jogging on a public sidewalk, a plaintiff consents to the negligent maintenance of that sidewalk (*see Cotty v Town of Southampton*, 64 AD3d 251, 256-257 [2009] [declining to extend assumption of risk to plaintiff bicyclist who collided with an oncoming vehicle after she swerved in the road to avoid collision with another cyclist who fell into her path after unsuccessfully attempting to avoid an unbarricaded "lip" road construction had created]). Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ.