■ DESIREE BEHR et al., Respondents, v COUNTY OF NASSAU, Appellant, and TOWN OF HEMPSTEAD, Respondent. (And a Third-Party Action.) [2 NYS3d 537]—

In an action to recover damages for personal injuries, etc., the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated November 22, 2013, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The injured plaintiff, a music teacher, was directing a school marching band during a parade that took place on a public street in the County of Nassau. While directing the band, the injured plaintiff, who was required to walk backwards, allegedly fell due to a defect in the roadway and was injured. The plaintiffs commenced this action, inter alia, to recover damages for personal injuries. The County of Nassau moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing, as relevant here, that the plaintiffs' claims were barred by the doctrine of primary assumption of the risk. The Supreme Court denied the motion.

The County failed to establish its prima facie entitlement to judgment as a matter of law. The doctrine of primary assumption of the risk is inapplicable in this case. It cannot be said that by leading a marching band in a parade on a public street, the injured plaintiff consented to the alleged negligent maintenance of the street by the County (*see Custodi v Town of Amherst*, 20 NY3d 83, 89 [2012]; *Cotty v Town of Southampton*, 64 AD3d 251, 257 [2009]; *Caraballo v City of Yonkers*, 54 AD3d 796 [2008]). "[E]xtension of the doctrine [of primary assumption of the risk] to cases involving persons injured while traversing streets and sidewalks would create an unwarranted diminution of the general duty of landowners—both public and

private—to maintain their premises in a reasonably safe condition" (*Custodi v Town of Amherst*, 20 NY3d at 89; *see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Cotty v Town of Southampton*, 64 AD3d at 255).

Accordingly, the County's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it was properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Sgroi, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.