# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1154**
**CA 16-00489**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

BARBARA KIRBY, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DRUMLINS, INC., DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KEVIN E. HULSLANDER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF THERESA J. PULEO, SYRACUSE (MICHELLE M. DAVOLI OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered November 30, 2015. The order, insofar as appealed from, granted that part of defendants' motion for summary judgment dismissing the amended complaint against defendant Drumlins, Inc.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when she was thrown from her golf cart while playing golf at defendants' golf course. According to plaintiff, she was driving the golf cart down an excessively steep and winding cart path that was littered with wet leaves and other natural debris when she lost control of her cart and was injured.

We conclude that Supreme Court properly granted that part of defendants' motion for summary judgment dismissing the amended complaint against Drumlins, Inc. (defendant) on the ground that plaintiff had assumed the risk of her injuries as a matter of law. The doctrine of primary assumption of the risk acts as a complete bar to recovery where a plaintiff is injured in the course of a sporting or recreational activity through a risk inherent in that activity (*see Turcotte v Fell*, 68 NY2d 432, 438-439). "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of the participation" (*id.* at 439, citing *Maddox v City of New York*, 66 NY2d 270, 277-278). " 'It is not necessary to the application of assumption of [the] risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential

for injury of the mechanism from which the injury results' " (*Yargeau v Lasertron*, 128 AD3d 1369, 1371, *lv denied* 26 NY3d 902, quoting *Maddox*, 66 NY2d at 278).  "The doctrine of primary assumption of the risk, however, will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased" (*Ribaudo v LaSalle Inst.*, 45 AD3d 556, 557, *lv denied* 10 NY3d 717).

Here, defendants established on the motion that plaintiff was an experienced golfer who had played that hole and driven that cart path several times previously.  Apart from her familiarity with the steep topography of the hole, plaintiff was aware that it had rained the night before and that the course was still wet that morning.  She had driven her golf cart on that cart path just moments before her accident, and further had observed the leaves and berries on the cart path as she began down the cart path.  It is common knowledge that leaves and other natural litter may be present on a golf course and that such litter may become slick when it is wet (*see generally Maddox*, 66 NY2d at 278).  For those reasons, we conclude that plaintiff was aware of the risk posed by the cart path and assumed it (*see Bryant v Town of Brookhaven*, 135 AD3d 801, 802-803; *Mangan v Engineer's Country Club, Inc.*, 79 AD3d 706, 706; *Lombardo v Cedar Brook Golf & Tennis Club, Inc.*, 39 AD3d 818, 819; *Bockelmann v New Paltz Golf Course*, 284 AD2d 783, 784, *lv denied* 97 NY2d 602).

We further conclude that the court did not err in refusing to consider the conclusory affidavit of plaintiff's expert in golf course design in opposition to the motion.  The affidavit set forth none of the industry standards to which it alluded (*see Barbato v Hollow Hills Country Club*, 14 AD3d 522, 523), and it provided no specific measurements taken at the scene to which such industry standards might have been compared.  The affidavit thus lacked probative value (*see Costanzo v County of Chautauqua*, 108 AD3d 1133, 1133-1134).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court