In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered July 6, 2015, as granted those branches of the defendants’ separate motions which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
 

 The plaintiff allegedly was injured in March 2012 during a basketball game in a gym class at Elmont Memorial High School when he was kicked in the leg by another student, the defendant Malik Freeman. The plaintiff commenced this action to recover damages for his injuries against Freeman and the defendant Sewanhaka Central High School District (hereinafter the School District), alleging that each was negligent.
 

 The School District and Freeman separately moved, inter alia, for summary judgment dismissing the second amended complaint insofar as asserted against each of them, arguing, among other things, that the action was barred by the doctrine of primary assumption of risk. In the order appealed from, the Supreme Court granted the defendants’ separate motions. The plaintiff appeals.
 

 Under the doctrine of primary assumption of risk, by engaging in a sport or recreational activity, a participant “consents to those commonly appreciated, risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Turcotte v Fell, 68 NY2d 432, 439 [1986]; Fenty v Seven Meadows Farms, Inc., 108 AD3d 588 [2013]; Mondelli v County of Nassau, 49 AD3d 826, 827 [2008]). “[B]y freely assuming a known risk, a plaintiff commensurately negates any duty on the part of the defendant to safeguard him or her from the risk” (Trupia v Lake George Cent. School Dist., 14 NY3d 392, 395 [2010]; see Turcotte v Fell, 68 NY2d at 439; Cotty v Town of Southampton, 64 AD3d 251, 254 [2009]). If the risks of the activity are fully comprehended or perfectly obvious, the plaintiff has consented to them and the defendant has performed its duty (see Bukowski v Clarkson Univ., 19 NY3d 353, 356 [2012]; Turcotte v Fell, 68 NY2d at 439; Fenty v Seven Meadows Farms, Inc., 108 AD3d 588 [2013]). However, a plaintiff will not be deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks (see Anand v Kapoor, 15 NY3d 946, 948 [2010]; Morgan v State of New York, 90 NY2d at 485).
 

 Here, the defendants established, prima facie, that the plaintiff voluntarily engaged in the activity of basketball and was aware of the risks inherent in the activity, including the possibility of contact or collision with other participants (see Trevett v City of Little Falls, 6 NY3d 884, 885 [2006]; Stach v Warwick Val. Cent. Sch. Dist., 106 AD3d 720, 721 [2013]; Adami v Warwick Val. Cent. Sch. Dist., 105 AD3d 982 [2013]; Ribaudo v La Salle Inst., 45 AD3d 556, 557 [2007]; Ciccone v Bedford Cent. School Dist., 21 AD3d 437, 438 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff’s contention, his testimony at a General Municipal Law § 50-h hearing and his deposition that Freeman had intentionally kicked him did not raise a triable issue of fact as to the applicability of the primary assumption of risk doctrine. The plaintiff has not asserted a cause of action for an intentional tort, and neither the second amended complaint nor the bills of particulars alleged intentional conduct. “A plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars” (Palka v Village of Ossining, 120 AD3d 641, 643 [2014]; see Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796 [2011]; Pinn v Baker’s Variety, 32 AD3d 463, 464 [2006]; Yaeger v UCC Constructors, 281 AD2d 990, 991 [2001]).
 

 Also contrary to the plaintiff’s contention, he did not raise a triable issue of fact as to the application of the inherent compulsion doctrine, which “provides that the defense of assumption of the risk is not a shield from liability, even where the injured party acted despite obvious and evident risks, when the element of voluntariness is overcome by the compulsion of a superior” (Benitez v New York City Bd. of Educ., 73 NY2d 650, 658 [1989]). The plaintiff testified at his deposition that he chose to play basketball from a number of options. Consequently, the inherent compulsion doctrine is inapplicable (cf. Scavelli v Town of Carmel, 131 AD3d 688, 690 [2015]; Smith v J.H. West Elementary School, 52 AD3d 684, 685 [2008]).
 

 The plaintiff’s remaining contentions either are without merit or need not be reached in light of our determination.
 

 Accordingly, the Supreme Court properly granted those branches of the defendants’ separate motions which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them.
 

 Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.