Falcaro v American Skating Ctrs., LLC (2018 NY Slip Op 08469)





Falcaro v American Skating Ctrs., LLC


2018 NY Slip Op 08469


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-08240
 (Index No. 66217/15)

[*1]Robert Falcaro, respondent, 
v
American Skating Centers, LLC, et al., appellants.


Lynch Schwab & Gasparini, PLLC, White Plains, NY (Louis U. Gasparini of counsel), for appellants.
Philip F. Menna, White Plains, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated June 29, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint, and granted the plaintiff's motion to impose sanctions upon the defendants for spoliation of evidence to the extent of directing an adverse inference charge at the time of trial as against the defendants American Skating Centers, LLC, and American Skating Entertainment Centers, LLC.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is granted, and the plaintiff's motion to impose sanctions upon the defendants for spoliation of evidence is denied as academic.
The plaintiff commenced this action against American Skating Centers, LLC, American Skating Entertainment Centers, LLC, and Michael G. Floru (hereinafter collectively the defendants), to recover damages for personal injuries he alleges he sustained during a fight in an amateur hockey game. The plaintiff testified at his deposition that during the game, a fight broke out between multiple players from both teams and he was injured when, as he was attempting to pull his teammate out of a pile of players, Floru, the referee, wrapped his arms around the plaintiff and pulled him backwards, causing both the plaintiff and Floru to fall to the ice. The plaintiff had played in this particular hockey league for 5 to 10 years and, although his teammates had been involved in fights, he had never personally been involved.
Floru testified at his deposition that league rules permit a referee to make physical contact with players for purposes of breaking up a fight. Floru testified that the plaintiff entered the fight by jumping on an opposing player's back. Floru grabbed the plaintiff from behind under the plaintiff's arms, and shouted "[i]t's the referee," which Floru testified is understood by the players as an unwritten rule to stop fighting. Instead of stopping, the plaintiff shouted expletives and threw his elbows backwards into Floru. In the struggle, the plaintiff fell and was injured.
The defendants moved for summary judgment dismissing the complaint and the plaintiff moved to impose discovery sanctions. The Supreme Court denied the defendants' motion and granted the plaintiff's motion. The defendants appeal.
Under the doctrine of primary assumption of risk, by engaging in a sport or recreational activity, a participant "consents to those commonly appreciated risks which are inherent [*2]in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Turcotte v Fell, 68 NY2d 432, 439). "[B]y freely assuming a known risk, a plaintiff commensurately negates any duty on the part of the defendant to safeguard him or her from the risk" (Trupia v Lake George Cent. School Dist., 14 NY3d 392, 395; see Turcotte v Fell, 68 NY2d at 439). If the risks of the activity are fully comprehended or perfectly obvious, the plaintiff has consented to them and the defendant has performed its duty (see Bukowski v Clarkson Univ., 19 NY3d 353, 356; Turcotte v Fell, 68 NY2d at 439). However, a plaintiff will not be deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks (see Anand v Kapoor, 15 NY3d 946, 948; Morgan v State of New York, 90 NY2d at 485).
Here, the defendants established, prima facie, that the risks inherent in the sport of ice hockey, and in particular, involving oneself in an ongoing fight, were fully comprehended by the plaintiff and perfectly obvious. Further, the defendants established that the referees were permitted to make physical contact with players involved in a fight and, accepting the plaintiff's version of the events as true, the plaintiff voluntarily engaged in physical contact with a player involved in the fight. Under these circumstances, the defendants established, prima facie, that the action was barred by the doctrine of primary assumption of the risk (see Hanson v Sewanhaka Cent. High Sch. Dist., 155 AD3d 702, 703; Stach v Warwick Val. Cent. Sch. Dist., 106 AD3d 720, 721; Adami v Warwick Val. Cent. Sch. Dist., 105 AD3d 982, 982). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's motion to impose sanctions upon the defendants for spoliation of evidence.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court