Karpel v National Grid Generation, LLC (2019 NY Slip Op 05651)





Karpel v National Grid Generation, LLC


2019 NY Slip Op 05651


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-09048
 (Index No. 4490/16)

[*1]Nina Karpel, appellant, 
v
National Grid Generation, LLC, et al., respondents, Village of Kings Point, et al., defendant.


Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York, NY (Howard Schatz of counsel), for appellant.
Lavin, Cedrone, Graver, Boyd & DiSipio, New York, NY (Francis F. Quinn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated June 5, 2018. The order granted the motion of the defendants National Grid Generation, LLC, Asplundh Construction Corp., and County of Nassau for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants National Grid Generation, LLC, Asplundh Construction Corp., and County of Nassau for summary judgment dismissing the complaint insofar as asserted against them is denied.
On October 10, 2018, at approximately 8:00 a.m., the plaintiff was jogging on Hicks Street, a two-way street with one lane of traffic in each direction, in Great Neck. The plaintiff, who was facing oncoming traffic, noticed a vehicle approaching and began moving to the left toward the side of the road. The plaintiff, looking straight ahead, allegedly was injured when she tripped and fell over a raised edge of a depression in the roadway as she was stepping out of the depression. At the time of the incident, the defendant Asplundh Construction Corp. (hereinafter Asplundh), pursuant to a contract with the defendant National Grid Generation, LLC (hereinafter National Grid), was performing excavation work in the vicinity in connection with the installation of gas lines beneath the subject road. The plaintiff subsequently commenced this action to recover damages for personal injuries against, among others, Asplundh, National Grid, and the defendant County of Nassau (hereinafter collectively the defendants). After discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing, inter alia, that the alleged defective condition was trivial and therefore not actionable, or was open and obvious and not inherently dangerous. The Supreme Court granted the motion, and the plaintiff appeals.
Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically [*2]insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77).
Here, the defendants failed to establish, prima facie, that the alleged defect was trivial as a matter of law and therefore not actionable. In support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and a general foreman of Asplundh, as well as photographs depicting the condition of the alleged defect as it existed at the time of the accident. The evidence demonstrated that Asplundh was in the process of restoring the excavated area in the location of the plaintiff's accident and that the alleged defective condition measured approximately four-feet wide, eight-feet long, and at least one-inch deep. Contrary to the defendants' contention, they failed to demonstrate, prima facie, that the alleged defect was physically insignificant, and that the characteristics of the defect and the surrounding circumstances did not increase the risks it posed (see Simos v Vic-Armen Realty, LLC, 161 AD3d 1023, 1024; Cortes v Taravella Family Trust, 158 AD3d 788, 789; Craig v Meadowbrook Pointe Homeowner's Assn., Inc., 158 AD3d 601, 603).
In addition, although the photographs of the accident site showed that the alleged defect had orange markings around its perimeter, " [a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted'" (Doughim v M & US Prop., Inc., 120 AD3d 466, 468, quoting Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713; see Stoppeli v Yacenda, 78 AD3d 815, 816). Furthermore, "proof that a dangerous condition is open and obvious does not preclude a finding of liability . . . but is relevant to the issue of the plaintiff's comparative negligence" (Cupo v Karfunkel, 1 AD3d 48, 52). "Thus, to obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous" (Crosby v Southport, LLC, 169 AD3d 637, 640; see Cupo v Karfunkel, 1 AD3d at 52). Here, the defendants failed to establish, prima facie, that the alleged defect was open and obvious and not inherently dangerous given the surrounding circumstances at the time of the accident (see Dillon v Town of Smithtown, 165 AD3d 1231, 1232; Dalton v North Ritz Club, 147 AD3d 1017, 1018; Parente v City of New York, 144 AD3d 1117, 1118). Finally, contrary to the defendants' contention, the doctrine of primary assumption of risk is inapplicable to this action (see Custodi v Town of Amherst, 20 NY3d 83, 89; Behr v County of Nassau, 124 AD3d 708; Ashbourne v City of New York, 82 AD3d 461, 463; Cotty v Town of Southampton, 64 AD3d 251, 257).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 583).
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court