Conrad v Holiday Val., Inc. (2020 NY Slip Op 05333)





Conrad v Holiday Val., Inc.


2020 NY Slip Op 05333


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


355 CA 19-01778

[*1]JEFFREY D. CONRAD AND KATHERINE M. CONRAD, PLAINTIFFS-RESPONDENTS,
v
HOLIDAY VALLEY, INC., AND WIN-SUM SKI CORP., DOING BUSINESS AS HOLIDAY VALLEY RESORT, DEFENDANTS-APPELLANTS. 






ZWEIG LAW, P.C., HAMBURG (STEVEN M. ZWEIG OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
JUSTIN S. WHITE, WILLIAMSVILLE, FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 28, 2019. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries that Jeffrey D. Conrad (plaintiff) sustained when he slipped and fell on a stairway landing while playing golf at defendants' golf course. According to plaintiff, he ascended a stairway used to access the tee box on the twelfth hole and then took a measurement from the tee box using his range finder. When he went to return to his golf cart to select a club, he stepped onto the landing at the top of the stairway, slipped on a wooden board, and fell, suffering severe injuries to both of his knees. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff assumed the risks associated with playing golf. Supreme Court denied the motion, and we reverse.
The doctrine of assumption of the risk acts as a complete bar to recovery where a plaintiff is injured in the course of a sporting or recreational activity through a risk inherent in that activity (see Turcotte v Fell, 68 NY2d 432, 438-439 [1986]). "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (id. at 439, citing Maddox v City of New York, 66 NY2d 270, 277-278 [1985]). " 'It is not necessary to the application of assumption of [the] risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results' " (Yargeau v Lasertron, 128 AD3d 1369, 1371 [4th Dept 2015], lv denied 26 NY3d 902 [2015], quoting Maddox, 66 NY2d at 278). "The doctrine of primary assumption of the risk, however, will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased" (Ribaudo v La Salle Inst., 45 AD3d 556, 557 [2d Dept 2007], lv denied 10 NY3d 717 [2008]).
Here, defendants established on their motion that plaintiff was an experienced golfer who had played defendants' golf course several times in the past (see Kirby v Drumlins, Inc., 145 AD3d 1561, 1562 [4th Dept 2016]). Moreover, defendants demonstrated that, at the time of the incident, plaintiff knew that the course was still wet from rain that had just fallen, and that he was familiar with the stairway in question, having just used it moments before his accident. For those reasons, we conclude that defendants met their initial burden by establishing that plaintiff was aware of the risk posed by the stairway and assumed it (see id. at 1562-1563; Bryant v Town of [*2]Brookhaven, 135 AD3d 801, 802-803 [2d Dept 2016]; Mangan v Engineer's Country Club, Inc., 79 AD3d 706, 706 [2d Dept 2010]).
In opposition, plaintiffs failed to raise a triable issue of fact whether plaintiff was subjected to "unassumed, concealed or unreasonably increased risks" (Benitz v New York City Bd. of Educ., 73 NY2d 650, 658 [1989]; see Morgan v State of New York, 90 NY2d 471, 485 [1997]). Even assuming, arguendo, that the condition of the stairs was "less than optimal" because anti-slip guards were not extended onto the portion of the landing where plaintiff fell, that does not create an issue of fact under the assumption of the risk doctrine (Bukowski v Clarkson Univ., 19 NY3d 353, 356 [2012]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court