Gilliard v Manhattan Nuvo LLC (2024 NY Slip Op 00269)

Gilliard v Manhattan Nuvo LLC

2024 NY Slip Op 00269

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 29967/18 Appeal No. 1514 Case No. 2023-00454 

[*1]Aisha Gilliard, Plaintiff-Respondent,
v
Manhattan Nuvo LLC, Doing Business as Le Reve, Defendant-Appellant.

Gallo Vitucci Klar, New York (Clara M. Villarreal of counsel), for appellant.
Law Offices of Jay H. Tannenbaum, New York (Laurence S. Warshaw of counsel), for respondent.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered January 20, 2023, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that while attending a birthday party at defendant's hookah lounge, a hookah that contained a bowl with burning coals fell on her, causing injuries to her chest. According to plaintiff, the hookah had been placed on the table in front of her and was knocked over by patrons who were dancing nearby.
Supreme Court properly rejected defendant's argument that the assumption of risk doctrine was applicable to the facts of this case (see Morgan v State of New York, 90 NY2d 471, 484 [1997]). The doctrine is generally limited to personal injury claims arising from "sporting events, sponsored athletic and recreative activities or athletic or recreational pursuits that take place in designated venues"(Custodi v Town of Amherst, 20 NY3d 83, 89 [2012]). The retention of the doctrine is "most persuasively justified" for its "utility in facilitating free and vigorous participation in athletic activities" that "possess enormous social value, even while they involve significantly heightened risks" that may be voluntarily assumed to "preserve [the] beneficial [aspects of sports] as against the prohibitive liability that would otherwise arise" (Trupia v Lake George Cent. School Dist., 14 NY3d 392, 395 [2010] [internal quotation marks omitted]; see Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 94-95 [2023]).
Here, the hookah lounge was clearly not a sports venue and plaintiff was not engaged in a sporting activity. Although attending a birthday party may be viewed as a recreational activity, the activities at the facility did not possess the "beneficial aspects of sports" that courts have found as justification for the continued applicability of the doctrine. Defendant's duty to plaintiff was to maintain its facility in a reasonably safe condition in view of all the circumstances (see Basso v Miller, 40 NY2d 233, 241 [1976]).
Moreover, even if the doctrine were applicable, "[a] person who chooses to participate in a sport or recreational activity consents to certain risks that are inherent in and arise out of the nature of the sport generally and flow from such participation" (Anand v Kapoor, 15 NY3d 946, 947-948 [2010] [internal quotation marks omitted]). "A court evaluating the duty of care owed to a plaintiff by a coparticipant in sport must therefore consider the risks that the plaintiff assumed and how those assumed risks qualified defendant['s] duty to [her]" (id. at 948 [internal quotation marks omitted]). However, as Anand made clear, "a plaintiff 'will not be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks'" (Anand, 15 NY3d at 948, quoting Morgan v State of New York, 90 NY2d at 485). Thus, defendant had a duty to plaintiff to ensure that the hookah did not present [*2]unusual risks to her as it was not placed on the floor, the "preferable" location according to defendant's owner, and to ensure that there was a sufficient distance between the crowd on the dance floor and the table where the hookah was placed. Further, defendant presented no evidence that plaintiff was aware of the danger that she would be burned by the hot coals if the hookah was knocked over, and she denied knowledge of the risk.
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024