Alfieri v State of New York (2024 NY Slip Op 00886)

Alfieri v State of New York

2024 NY Slip Op 00886

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-08411

[*1]Victor Alfieri, appellant, 
v
State of New York, respondent. (Claim No. 128696)

Neimark Coffinas & Lapp LLP, New City, NY (George G. Coffinas of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Ramòn E. Rivera, J.), dated October 28, 2021. The judgment, upon a decision of the same court dated September 24, 2021, made after a trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the judgment is reversed, on the law and the facts, with costs, and the matter is remitted to the Court of Claims for further proceedings in accordance herewith.
In October 2016, the claimant commenced this claim to recover damages for personal injuries he allegedly sustained when he fell from his bicycle as he rode on the paved path around Rockland Lake in Rockland Lake State Park. At a nonjury trial, the claimant testified that he fell when his bicycle ran into loose asphalt at the end of a crack in an asphalt patch as he attempted to maneuver to the edge of the path to go around two people walking on the path.
After the trial, the Court of Claims found that the claim was barred by the doctrine of primary assumption of risk. Thereafter, the court issued a judgment dismissing the claim. The claimant appeals.
This Court's authority when reviewing a determination made after a nonjury trial "is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses" (Superior Vending Servs., Inc. v Workmen's Circle Home & Infirmary Found. for the Aged, N.Y. State Branches, Inc., 148 AD3d 960, 961 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492). Under the doctrine of primary assumption of risk, a voluntary participant in a sport or recreational activity is deemed to have consented to those "commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Cotty v Town of Southampton, 64 AD3d 251, 253-254). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of . . . participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State of New York, 90 NY2d 471; Turcotte v Fell, 68 NY2d 432). "As a general rule, application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (Custodi v Town of Amherst, 20 NY3d at 89).
Here, the Court of Claims erred in determining that the path where the claimant's accident occurred was a designated venue used specifically for bicycling. When the injury occurred, the claimant was engaged in a recreational bicycle ride on a paved, public surface. The claimant was not participating in an organized group event or sponsored ride. The claimant testified at trial that he could both bike and walk the path. That, in addition to the presence of pedestrians who precipitated the accident, demonstrated that the path was for public use, and not a designated venue for bicycling. Therefore, the claimant, by participating in recreational bicycling, cannot be said to have assumed the risk of being injured as a result of an alleged defective condition on the paved path, and therefore, the doctrine of primary assumption of risk is inapplicable to the claimant's activity (see Cotty v Town of Southampton, 64 AD3d at 255-257; Caraballo v City of Yonkers, 54 AD3d 796, 796-797; Phillips v County of Nassau, 50 AD3d 755, 757; Moore v City of New York, 29 AD3d 751, 751-752; Vestal v County of Suffolk, 7 AD3d 613, 614-615).
Accordingly, the Court of Claims erred in awarding a judgment in favor of the defendant and dismissing the claim based on the doctrine of primary assumption of risk, and the matter must be remitted to it for a decision on those issues left undecided as a result of its determination (see McGowan v State of New York, 41 AD3d 670, 672; Zuckerman v State of New York, 209 AD2d 510, 512).
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court