Galante v Karlis (2024 NY Slip Op 04001)

Galante v Karlis

2024 NY Slip Op 04001

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

491 CA 24-00020

[*1]MARY E. GALANTE, PLAINTIFF-RESPONDENT,
v
ROBERT G. KARLIS, DEFENDANT, COUNTY OF ERIE, ELMA MEADOWS GOLF COURSE AND COUNTY OF ERIE PARKS, RECREATION AND FORESTRY, DEFENDANTS-APPELLANTS.

JEREMY C. TOTH, COUNTY ATTORNEY, BUFFALO (ERIN E. MOLISANI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ANDREWS, BERNSTEIN & MARANTO PLLC, BUFFALO (BENJAMIN J. ANDREWS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered September 15, 2023. The order, insofar as appealed from, denied in part the cross-motion of defendants-appellants for summary judgment and granted the motion of plaintiff to dismiss two of defendants-appellants' affirmative defenses. 
It is hereby ORDERED that said appeal insofar as taken by defendants Elma Meadows Golf Course and County of Erie Parks, Recreation and Forestry is dismissed and the order insofar as appealed from is reversed on the law without costs, the motion is denied in part, the 11th affirmative defense is reinstated, the cross-motion is granted in its entirety and the complaint against defendant County of Erie is dismissed.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she sustained when the golf cart that she was driving was struck by a vehicle driven by defendant Robert G. Karlis in the parking lot of defendant Elma Meadows Golf Course (golf course). The golf course is owned by defendant County of Erie (County). The golf course, the County, and defendant County of Erie Parks, Recreation and Forestry (CPRF) (collectively, County defendants) answered and asserted several affirmative defenses, including their 11th affirmative defense, i.e., assumption of the risk, and the 15th affirmative defense, i.e., release. Plaintiff moved to dismiss the County defendants' 11th and 15th affirmative defenses, and the County defendants cross-moved for summary judgment dismissing the complaint against them. Supreme Court granted plaintiff's motion and dismissed the 11th and 15th affirmative defenses, granted the cross-motion in part and dismissed the complaint against the golf course and CPRF, and otherwise denied the
cross-motion. The County defendants now appeal from the order insofar as it granted plaintiff's motion and denied in part their cross-motion.
At the outset, inasmuch as the court granted in part the County defendants' cross-motion and dismissed the complaint against the golf course and CPRF, the golf course and CPRF are not aggrieved by the order and the appeal insofar as taken by those defendants must be dismissed (see CPLR 5511; Tomaszewski v Seewaldt, 11 AD3d 995, 995 [4th Dept 2004]).
The County contends that the court erred in granting plaintiff's motion with respect to the affirmative defense of assumption of the risk and in denying that part of the cross-motion seeking summary judgment dismissing the complaint against the County on the ground that plaintiff assumed the risks associated with the use of a golf cart on the golf course. We agree. "The doctrine of assumption of the risk acts as a complete bar to recovery where a plaintiff is injured in the course of a sporting or recreational activity through a risk inherent in that activity" [*2](Conrad v Holiday Val., Inc., 187 AD3d 1520, 1521 [4th Dept 2020]; see Turcotte v Fell, 68 NY2d 432, 438-439 [1986]). Initially, we reject plaintiff's assertion that assumption of the risk does not apply inasmuch as she was not actively engaged in the activity of golf at the time of the accident. Rather, we conclude that the accident "occurred in a designated . . . recreational venue" (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012]) inasmuch as the parking lot is a part of the golf course facilities (see e.g. Valverde v Great Expectations, LLC, 131 AD3d 425, 426 [1st Dept 2015]; Bockelman v New Paltz Golf Course, 284 AD2d 783, 783-784 [3d Dept 2001], lv denied 97 NY2d 602 [2001]; Egeth v County of Westchester, 206 AD2d 502, 502 [2d Dept 1994]). Similarly, we conclude that plaintiff "was still involved . . . , or participating . . . , in the sport of [golf] at the time of [her] injury" (Litz v Clinton Cent. Sch. Dist., 126 AD3d 1306, 1308 [4th Dept 2015] [internal quotation marks omitted]). " '[T]he assumption [of the risk] doctrine applies to any facet of the activity inherent in it' " (id., quoting Maddox v City of New York, 66 NY2d 270, 277 [1985]), and "it would be inconsistent with the purpose of the assumption of the risk doctrine to isolate the moment of injury and ignore the context of the accident" (id.). Here, plaintiff was using the golf cart to transport her clubs from her vehicle in the parking lot to the golf course playing area. Plaintiff testified that, before every round of golf she played, she drove a golf cart down the same cart path from the clubhouse to the parking lot to retrieve her clubs from her car, which was a common practice at the golf course, and the accident occurred when she left the cart path and entered into the parking lot.
Inasmuch as the County defendants established that plaintiff was engaged in the activity of golf at the time of the accident, the question thus becomes whether plaintiff assumed the risk of the injury-causing acts at issue (see Litz, 126 AD3d at 1308). "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (Turcotte, 68 NY2d at 439, citing Maddox, 66 NY2d at 277-278). "It is not necessary to the application of the assumption of [the] risk that the injured plaintiff have foreseen the exact manner in which [their] injury occurred, so long as [they are] aware of the potential for injury of the mechanism from which the injury results" (Conrad, 187 AD3d at 1521 [internal quotation marks omitted]). Rather, "a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Litz, 126 AD3d at 1307 [internal quotation marks omitted]). "The question of whether the consent was an informed one includes consideration of the participant's knowledge and experience in the activity generally" (Turcotte, 68 NY2d at 440).
Here, we agree with the County that the County defendants met their burden of establishing that the risk of being injured while driving a golf cart is "inherent in the sport" of golf and that plaintiff was aware of the risk and assumed it (Turcotte, 68 NY2d at 441; see Conrad, 187 AD3d at 1521; Kirby v Drumlins, Inc., 145 AD3d 1561, 1562-1563 [4th Dept 2016]), and that plaintiff failed to raise an issue of fact with respect thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). At the time of the accident, plaintiff was an experienced golfer who played the golf course regularly throughout the season (see Kirby, 145 AD3d at 1562). Moreover, the County defendants demonstrated that plaintiff had routinely driven a golf cart into the parking lot to retrieve her clubs from her vehicle, and that she was aware of the fact that other people would be operating motor vehicles in the parking lot. The County defendants therefore established as a matter of law that being injured while driving a golf cart in the parking lot of the golf course before a round of golf is "within the known, apparent and foreseeable dangers of the sport" of golf (Turcotte, 68 NY2d at 441).
In light of our determination, we do not address the County's alternative contention.
All concur except Lindley, J.P., and Ogden, J., who dissent and vote to affirm in the following memorandum: Although being struck by a ball while playing golf is "a commonly appreciated risk" of the sport (Katleski v Cazenovia Golf Club, Inc., 225 AD3d 1030, 1035 [3d Dept 2024]; see Anand v Kapoor, 15 NY3d 946, 948 [2010]; Delaney v MGI Land Dev., LLC, 72 AD3d 1254, 1255 [3d Dept 2010]), being struck by a motor vehicle is not. We therefore respectfully dissent.
"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [*3][1997], rearg denied 90 NY2d 936 [1997]; see Puccio v Boy Scouts of Am., 202 AD3d 1488, 1489 [4th Dept 2022]). Here, even assuming, arguendo, that plaintiff was engaged in the sport of golf when she was driving a cart in the parking lot to get her clubs before even setting foot on the course (see Hawkes v Catatonk Golf Club, Inc., 288 AD2d 528, 529 [3d Dept 2001]), we agree with Supreme Court's determination that being struck by a motor vehicle is not an inherent risk of playing golf. Of course, anyone in a parking lot open to the general public is at risk of being struck by a vehicle, but that risk does not arise from playing golf or riding in a golf cart. For instance, if plaintiff was walking to her car to get her clubs when struck by defendant Robert G. Karlis' vehicle, we would not say that the doctrine of primary assumption of risk bars her from suing Karlis or any of the other defendants in negligence. The fact that plaintiff was in a golf cart when the accident occurred does not in our view change the result.
We therefore conclude that the court properly denied that part of the cross-motion of defendants County of Erie (County), Elma Meadows Golf Course (golf course) and County of Erie Parks, Recreation and Forestry (CPRF) for summary judgment dismissing the complaint against the County, and properly granted plaintiff's motion to dismiss the County's affirmative defense based on the doctrine of primary assumption of risk. Finally, we agree with the majority that the appeal insofar as taken by the golf course and CPRF must be dismissed (see CPLR 5511), and we conclude that, contrary to the County's further contention, the court properly granted plaintiff's motion insofar as it sought dismissal of its affirmative defense based on waiver and release. We would affirm the order in its entirety.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court